UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VANESSA MARTI, on behalf
of herself and all others similarly situated,
    Plaintiff,

v.

SCHREIBER/COHEN, LLC
and JOHN DOE,
    Defendants.

Civil Action
No:

CLASS ACTION COMPLAINT
AND JURY DEMAND

## INTRODUCTION

1. Schreiber/Cohen, LLC, a debt collector doing business in Massachusetts, sent Vanessa Marti and others similarly situated an initial communication which failed to identify the creditor to whom the alleged debt was owed in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA) and the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2 (MCPA).

## FEDERAL JURISDICTION AND VENUE

2. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises under the laws of the United States, 15 U.S.C. § 1692k(d) and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the District of Massachusetts because, pursuant to 28 U.S.C. § 1391(b) a substantial portion of the acts giving rise to this action occurred within the District of Massachusetts.

## PARTIES

4. Plaintiff Vanessa Marti (Ms. Marti) is a natural person residing in Worcester, Massachusetts. At all times material hereto, Ms. Marti and each member of the class she seeks to represent were "consumers" as that term is contemplated in § 1692a of the FDCPA.

5. Defendant Schreiber/Cohen, LLC (Schreiber/Cohen) is a limited liability company organized under the laws of Indiana, with its principal office in Salem, New Hampshire. Schreiber/Cohen is a "debt collector" as that term is contemplated in § 1692a(6) of the FDCPA. Schreiber/Cohen had direct involvement in the actions challenged in this lawsuit.

6. Defendant John Doe created, implemented, supervised, and/or directed the practice of Schreiber/Cohen of preparing and sending initial communications in the form or Exhibit A. John Doe is a "debt collector" as that term is contemplated in § 1692a(6) of the FDCP. John Doe had direct involvement in the actions challenged in this lawsuit.

## FACTUAL ALLEGATIONS

7. Defendants sought to recover an alleged debt claimed to be owed by Ms. Marti which was incurred for personal, family, or household purposes, i.e. – a credit card used for personal purposes. (Hereinafter referred to as the Debt.)

8. Defendants sent a letter dated October 3, 2017 to Ms. Marti to recover the alleged Debt. (A copy is attached hereto as Exhibit A.)

9. Exhibit A states in part: "This law firm represents Midland Funding, LLC."

10. Exhibit A states further: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

11. Exhibit A did not identify the entity to which the alleged Debt is presently owed.

12. Ms. Marti was confused by Exhibit A.

13. Ms. Marti suffered concrete and particularized harm because her legally-protected consumer rights under the FDCPA were violated by Defendants.

14. Defendants regularly use the mail, telephone, and other instrumentalities of interstate commerce in order to collect on defaulted debts in Massachusetts.

15. John Doe, an as yet unidentified owner, operator, and/or director of Schreiber/Cohen, created, implemented, supervised, and/or directed the practice of Schreiber/Cohen of preparing and sending initial communications in the form or Exhibit A to residents of Massachusetts.

## DEFENDANTS' ROUTINE PRACTICES

16. It is or was the routine practice of Defendants to prepare and send initial communications to collect alleged debts in the form of Exhibit A to residents of Massachusetts.

17. It is or was the routine practice of Defendants' letters in the form of Exhibit A to fail to identify the entity to which the alleged debt is currently owed.

## CLASS ALLEGATIONS

18.     This action is brought as a class action pursuant to the FDCPA on behalf of a class defined as: (i) all persons with addresses in Massachusetts (ii) against whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period one year prior to the date of filing this action.

19.     This action is brought as a class action pursuant to the MCPA on behalf of a class defined as: (i) all persons with addresses in Massachusetts (ii) against whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of filing this action.

20.     Plaintiff alleges on information and belief based on Defendants' use of letters in the form of Exhibit A that the class is so numerous that joinder of all members is impractical.

21.     There are questions of law and fact common to the class which predominate over any issues involving only individual class members.  The principal questions are whether Defendants' collection letters in the form of Exhibit A to Massachusetts consumers violated the FDCPA and/or the MCPA.

22. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

23. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

25. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

>   a. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
>   b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. Plaintiff requests the Court to certify a class pursuant to Rule 23(b)(3).

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692

27. The preceding allegations are incorporated by reference.

28. Pursuant to 15 U.S.C. § 1692g(a)(2) Defendants were required to disclose in the initial communication, or within five (5) days thereof, "the name of the creditor to whom the debt is owed."

29. Pursuant to 15 U.S.C. § 1692e and e(10), Defendants were prohibited from use of any false representations or deceptive means to collect or attempt to collect a debt.

30. Defendants violated the FDCPA by failing to disclose in Exhibit A "the name of the creditor to whom the debt is owed" and thereby misleading the least sophisticated consumer.

**COUNT II**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT**
**G.L. C. 93A, § 2**

31. The preceding allegations are incorporated by reference.

32. Defendants are engaged in trade or commerce in Massachusetts.

33. Pursuant to G.L. c. 93A, § 2, Defendants were prohibited from engaging in unfair or deceptive acts or practices.

34. Although the terms "unfair" and "deceptive" are not defined in the statute, courts have typically found a practice to be unfair if it is "(1) within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers." PMP Associates, Inc. v. Globe Newspaper Co., 366 Mass. 593, 596, 321 N.E.2d. 915, 917 (1975). Furthermore, "an act or practice is deceptive it is possesses a tendency to deceive. In determining whether an act or practice is deceptive,

regard must be had, not to fine spun distinctions and arguments that may be made in excuse, but to the effect which it might reasonably be expected to have upon the general public." Leardi v. Brown, 394 Mass. 151, 156, 474 N.E.2d 1094, 1099 (1985).

35. Pursuant to 940 Code Mass. Regs. § 7.08(1)(b) Defendants were required to disclose in the initial communication, or within five (5) days thereof, "the name of the creditor to whom the debt is owed."

36. Pursuant to G.L. c. 93A, § 2(c), a violation of 940 Code Mass. Regs. § 708(1)(b) constitutes an unfair or deceptive act in violation of the G.L. c. 93A, § 2.

37. Defendants violated G.L. c. 93A, § 2 by failing to disclose in Exhibit A "the name of the creditor to whom the debt is owed" and thereby misleading the least sophisticated consumer.

## REQUEST FOR RELIEF

WHEREFORE, Vanessa Marti, on behalf of herself and all others similarly situated, requests that the Court enter judgment in her favor and against Schreiber/Cohen, LLC and John Doe for the following relief:

A. Certification of this litigation to proceed as a class action;
B. Declaratory Judgment that Defendants violated the Fair Debt Collection Practices Act;
C. Declaratory Judgment that Defendants violated the Massachusetts Consumer Protection Act;
D. Statutory damages;
E. Costs, interest, and attorney's fees; and
F. All other relief to which she is entitled at law or equity.

## JURY DEMAND

Plaintiff Vanessa Marti demands a trial by jury on all issues so triable.

          Respectfully submitted,

          Plaintiff,
          Vanessa Marti,
          By counsel,

          */s/ Christopher M. Brine*
          Christopher M. Brine (BBO# 679289)
          Brine Consumer Law
          100 Grove Street, Suite 210
          Worcester, MA 01605
          Telephone: (508) 556-1899
          Facsimile: (508) 556-9951
          cmb@brineconsumerlaw.com

          Donald A. Yarbrough, Esq.
          Attorney for Plaintiff
          Post Office Box 11842
          Ft. Lauderdale, FL 33339
          Telephone: 954-537-2000
          Facsimile: 954-566-2235
          don@donyarbrough.com
          (Mr. Yarbrough will move for admission by
          separate motion)



EXHIBIT
A



FIRST CLAS

53 Stiles Rd
Suite # A102
Salem NH 03079-0030

Vanessa Marti
15 Circuit Ave E Apt 1r
Worcester, MA 01603-2160

**Schreiber/Cohen, LLC**
www.schreiblaw.com

**MAIN OFFICE**
53 Stiles Road Suite A102 - Salem, NH 03079
Tel (603)870-5333  Toll Free (800)423-8142



| | |
|---|---|
| Date | October 3, 2017 |
| Our Client | Midland Funding, LLC |
| Original Creditor | COMENITY BANK |
| Original Creditor's Act. No. | 5856375184605400 |
| Balance | $582.54 |
| Our File No. | 3997354 |

Dear Vanessa Marti:

This law firm represents Midland Funding, LLC. The last four (4) digits of the original creditor's account numbers are: 5400.

### CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(g)

You are hereby given notice of the following information concerning the above referenced debt. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If you notify us in writing within the thirty day period that the debt or any portion thereof is disputed, we will obtain verification of the debt, or a copy of a judgment against you, and we will mail such verification or judgment to you. In addition, upon your written request within the thirty day period, this firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.

If you notify us in writing within 30 days after receipt of this notice that the debt, or any portion thereof is disputed, additional materials, in verification of the debt, will be provided to you or your attorney in accordance with the requirements and limitations described in 940 CMR 7.08(2).

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you have any questions, please contact this office at toll free at (800) 423-8142 between the hours of 8:30AM and 5:30PM (ET) Monday - Friday.

Very truly yours,
Schreiber/Cohen, LLC

### NOTICE OF IMPORTANT RIGHTS TO MASSACHUSETTS CONSUMERS

YOU HAVE THE RIGHT TO MAKE WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

▲ Please Return Coupon with Remittance ▲

53 Stiles Rd
Suite # A102
Salem, NH 03079-0039

Vanessa Marti
15 Circuit Ave E Apt 1r
Worcester, MA 01603-2160

| | Our Client | Midland Funding, LLC |
|---|---|---|
| | Original Creditor | COMENITY BANK |
| | Original Creditor's Act. No. | 5856375184605400 |
| | Balance | $582.54 |
| | Our File No. | 3997354 |

Schreiber/Cohen, LLC
53 Stiles Road Suite A102
Salem, NH 03079

DLI GEN
SCL.WFD
821640 00000039
1 of 1