UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
**VANESSA MARTI, on behalf of herself and** )
**all other similarly situated,**         )    **CIVIL ACTION**
            **Plaintiff,**                )    **NO. 4:18-40164-TSH**
                                          )
            **v.**                        )
                                          )
**SCHREIBER/COHEN, LLC, & DAVID**         )
**ROWAND HOWARD,**                        )
            **Defendants.**              )
_____)

## ORDER AND MEMORANDUM ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (Docket No. 34)

**January 2, 2019**

**HILLMAN, D.J.**

      Vanessa Marti ("Plaintiff") brought this putative class action against Schreiber/Cohen, LLC ("Schreiber/Cohen") and David Rowand Howard ("Mr. Howard") (collectively, "Defendants") alleging that they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, and the Massachusetts Consumer Protection Act ("MCPA"), M.G.L. c. 93A, § 2, by sending collections letters that fail to identify the current creditor on her debt. Plaintiff now moves to certify two classes comprised of Massachusetts residents receiving similar communications. For the reasons set forth below, the Court ***denies*** in part and ***grants*** in part Plaintiff's motion (Docket No. 34).

## Background

      Midland Funding, LLC ("Midland"), currently holds the rights to Plaintiff's alleged debt. (Docket Nos. 25 at 3, 46-1 at 2). Schreiber/Cohen, a law firm, represents Midland. (Docket

Nos. 25 at 3, 35-1 at 6). Mr. Howard is Schreiber/Cohen's Chief Compliance Attorney. (Docket No. 46-1 at 2).

On October 3, 2017, Defendants sent Plaintiff the following letter ("Exhibit A"):




**Schreiber/Cohen, LLC**
www.schreiblaw.com

**MAIN OFFICE**
53 Stiles Road Suite A102 - Salem, NH 03079
Tel (603)870-5333  Toll Free (800)423-8142

| Date | October 3, 2017 |
|---|---|
| Our Client | Midland Funding, LLC |
| Original Creditor | COMENITY BANK |
| Original Creditor's Act. No. | 5856375184605400 |
| Balance | $582.54 |
| Our File No. | 3997354 |

Dear Vanessa Marti:

This law firm represents Midland Funding, LLC. The last four (4) digits of the original creditor's account numbers are: 5400.

**CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(g)**

You are hereby given notice of the following information concerning the above referenced debt. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If you notify us in writing within the thirty day period that the debt or any portion thereof is disputed, we will obtain verification of the debt, or a copy of a judgment against you, and we will mail such verification or judgment to you. In addition, upon your written request within the thirty day period, this firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.

If you notify us in writing within 30 days after receipt of this notice that the debt, or any portion thereof is disputed, additional materials, in verification of the debt, will be provided to you or your attorney in accordance with the requirements and limitations described in 940 CMR 7.08(2).

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you have any questions, please contact this office at toll free at (800) 423-8142 between the hours of 8:30AM and 5:30PM (ET) Monday - Friday.

Very truly yours,
Schreiber/Cohen, LLC

(Docket No. 25-1). Mr. Howard created the template for Exhibit A, and Defendants routinely sent letters in the form of Exhibit A to collect alleged debts owed by Massachusetts residents. (Docket No. 35-1 at 3, 7).

On October 3, 2018, Plaintiff filed this action, contending that Exhibit A violates the FDCPA and MCPA because it fails to identify the entity to whom she owes a debt. (Docket No. 1). Plaintiff moved for class certification on September 27, 2019. (Docket No. 34). She seeks to certify two classes. The FDCPA class comprises "(i) all persons with addresses in

Massachusetts (ii) to whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period one year prior to the date of the filing this action." (Docket No. 34 at 1–2). The MCPA class includes "(i) all persons with addresses in Massachusetts (ii) to whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of the filing this action." (Docket No. 34 at 2).

## **Legal Standard**

A court may only certify a class if a plaintiff "affirmatively demonstrate[s]" compliance with the requirements of Rule 23(a) and at least one subsection of Rule 23(b) of the Federal Rules of Civil Procedure. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Rule 23(a) sets forth the following criteria:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

And as relevant here,[1] Rule 23(b)(3) requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class

---

[1] Plaintiff only argues the applicability of subsection (3) of Rule 23(b). (Docket No. 35 at 15).

3

action is superior to other available methods for fairly and efficiently adjudicating the controversy."

In determining whether class certification is appropriate, courts apply a standard more rigorous than mere pleading. *Wal-Mart*, 564 U.S. at 350 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)). "If legal or factual premises are disputed at the class certification stage, the Court may probe behind the pleadings to formulate some prediction as to how specific issues will play out in order to assess whether the proposed class meets the legal requirements for certification." *Walker v. Osterman Propane LLC*, No. CV 17-10416-PBS, 2019 WL 5318972, at *4 (D. Mass. Oct. 21, 2019) (internal quotations omitted). "Such an analysis will frequently entail 'overlap with the merits of the plaintiff's underlying claim' . . . because the 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013) (quoting *Wal-Mart*, 564 U.S. at 351).

## Discussion

Defendants do not dispute that Plaintiff meets the Rule 23(a) requirements for class certification. The Court therefore focuses on the Rule 23(b)(3) predominance and superiority requirements.

### *1. Predominance*

"The predominance inquiry requires the court to 'formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case.'" *Lannan v. Levy & White*, 186 F. Supp. 3d 77, 90 (D. Mass. 2016) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 298 (1st Cir.2000)). "[A] common question predominates over individual claims if 'a failure of proof on the common

question would end the case' and the whole class 'will prevail or fail in unison.'" *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 378 (7th Cir. 2015) (quoting *Amgen, Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 460 (2013)). "[A]ffirmative defenses should be considered in making class certification decisions," *Waste Mgmt.*, 208 F.3d at 295, although "[c]ourts traditionally have been reluctant to deny class action status under Rule 23(b)(3) simply because affirmative defenses may be available against individual members," *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 39 (1st Cir. 2003).

Plaintiff's legal claim rests on whether the format of Exhibit A, which Schreiber/Cohen mailed to thousands of Massachusetts residents (Docket No. 35-1 at 8), sufficiently identifies the creditor for each debtor under the FDCPA and MCPA. This issue is common among all class members and can be resolved in a single adjudication. *See Lannan*, 185 F. Supp. 3d at 90.

Under Plaintiff's proposed class definitions, however, this common issue will not predominate over individual issues. Defendants offer evidence that more than half the debtors falling within each putative class are ineligible to participate due to arbitration or class action waiver provisions in the terms and conditions of their relevant credit card agreements. (Docket No. 46 at 11). For example, Citibank and Synchrony Bank, the two largest creditors, hold 10,245 of the accounts involved in this action. (Docket No. 46-1 at 3). Both banks include arbitration provisions in their credit card agreements that allegedly would preclude participation in a class action. (Docket No. 46-1 at 3). There are 735 other creditors, moreover, holding accounts involved in this action who may have included arbitration or waiver provisions in their credit card agreements. Certifying the putative classes would require this Court to assess these

agreements, which invoke the laws of various other states, to determine which members may participate.[2]

In her reply brief, Plaintiff offers to amend her class definitions to include the further requirement that each class member have an account that originates with Comenity Bank. (Docket No. 50 at 8). Under this formulation, the FDCPA class would comprise "(i) all persons with addresses in Massachusetts (ii) to whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation <u>originally due to Comenity Bank</u> (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period one year prior to the date of the filing this action." (Docket No. 50 at 9). The MCPA class would include "(i) all persons with addresses in Massachusetts (ii) to whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation <u>originally due to Comenity Bank</u> (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v)

---

[2] The Court acknowledges that "the mere fact that" an affirmative defense may require individualized determinations "does not *compel* a finding that individual issues predominate over common ones." *Waste Mgmt.*, 208 F.3d at 296 (emphasis added); *see also In re Nexium Antitrust Litig.*, 777 F.3d 9, 21 (1st Cir. 2015) ("But the Supreme Court in Amgen and the circuits in other cases have made clear that the need for some individualized determinations at the liability and damages stage does not defeat class certification."). But in these circumstances, given the number of creditors and credit card agreements involved, the Court finds that the individual issues "overwhelm" the common ones and "render class certification inappropriate . . . ." *In re Nexium Antitrust Litig.*, 777 F.3d at 21 (internal quotation marks omitted); *see also Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 780 (8th Cir. 2013) ("There are indeed common questions of law and fact for the putative class. However, the individual questions in the claims under North Dakota contract law predominate."). Even if Plaintiff succeeds on her legal theory, after all, many members of the class likely would not prevail with her. *See Bell*, 800 F.3d at 378.

during the period four years prior to the date of the filing this action." (Docket No. 50 at 9). As Defendants conceded during oral argument, if the classes include this additional requirement, common issues will predominate over individual issues. Thus, Plaintiff has met her burden of demonstrating compliance with the predominance requirement with respect to the amended class definitions.

### 2. *Superiority*

"A class action is the superior method if it will 'achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Lannan*, 186 F. Supp. 3d at 90 (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 615 (1997)).

Here, a class action would promote uniformity of decision and save time and expense. The main issues in this action—i.e., whether the form of Exhibit A violates the FDCPA or MCPA and the effect of any arbitration provision on the ability to raise this claim—are common to all members of the classes and should be answered in the same way. The Court also finds it significant that an individual action likely would not be economically feasible for each putative class member. And while a class action does admittedly reduce the possible recovery each debtor is entitled to receive, given the amendments to the classes, the reduction will be much less drastic than Defendants contend. Thus, on balance, the Court finds that Plaintiff has met her burden of demonstrating compliance with the superiority requirement with respect to the amended class definitions.

## **Conclusion**

For the reasons stated above, Plaintiff's motion for class certification (Docket No. 34) is ***denied*** with respect to the original class definitions but ***granted*** with respect to the amended

definitions.  The Court certifies an FDCPA class comprising "(i) all persons with addresses in Massachusetts (ii) to whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation originally due to Comenity Bank (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period one year prior to the date of the filing this action" (Docket No. 50 at 9); and an MCPA class comprising "(i) all persons with addresses in Massachusetts (ii) to whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation originally due to Comenity Bank (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of the filing this action."  (Docket No. 50 at 9).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**