**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                                  )
**VANESSA MARTI, on behalf of herself and** )
**all other similarly situated,**                        )        **CIVIL ACTION**
                **Plaintiff,**                                )        **NO.  4:18-40164-TSH**
                                                                  )
                **v.**                                            )
                                                                  )
**SCHREIBER/COHEN, LLC, & DAVID**         )
**ROWAND HOWARD,**                             )
                **Defendants.**                          )
_____ )

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY**
**JUDGMENT (Docket No. 58)**

**April 15, 2020**

**HILLMAN, D.J.**

Vanessa Marti ("Plaintiff") brought this class action against Schreiber/Cohen, LLC ("Schreiber/Cohen") and David Rowand Howard ("Mr. Howard") (collectively, "Defendants") alleging that they violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, 1692g, and the Massachusetts Consumer Protection Act ("MCPA"), Mass. Gen. Laws ch. 93A, § 2, by sending collections letters that failed to identify the current creditor on her alleged debt. Defendants now move for entry of summary judgment against Plaintiff.  For the reasons set forth below, the Court *__grants__* their motion (Docket No. 58).

**Background**

Midland Funding, LLC ("Midland"), currently holds the rights to Plaintiff's alleged debt. Schreiber/Cohen, a law firm, represents Midland.  Mr. Howard is Schreiber/Cohen's Chief Compliance Attorney.

On October 3, 2017, Defendants sent Plaintiff the following letter ("Exhibit A"):





Schreiber/Cohen, LLC
www.schreiblaw.com

MAIN OFFICE
53 Stiles Road Suite A102 - Salem, NH 03079
Tel (603)870-5333  Toll Free (800)423-8142

| | |
|---|---|
| Date | October 3, 2017 |
| Our Client | Midland Funding, LLC |
| Original Creditor | COMENITY BANK |
| Original Creditor's Act. No. | 5856375184605400 |
| Balance | $582.54 |
| Our File No. | 3997354 |

Dear Vanessa Marti:

This law firm represents Midland Funding, LLC. The last four (4) digits of the original creditor's account numbers are: 5400.

**CONSUMER NOTICE PURSUANT TO 15 U.S.C. SECTION 1692(g)**
You are hereby given notice of the following information concerning the above referenced debt. Unless, within 30 days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If you notify us in writing within the thirty day period that the debt or any portion thereof is disputed, we will obtain verification of the debt, or a copy of a judgment against you, and we will mail such verification or judgment to you. In addition, upon your written request within the thirty day period, this firm will provide the name and address of the original creditor if the original creditor is different from the current creditor.

If you notify us in writing within 30 days after receipt of this notice that the debt, or any portion thereof is disputed, additional materials, in verification of the debt, will be provided to you or your attorney in accordance with the requirements and limitations described in 940 CMR 7.08(2).

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you have any questions, please contact this office at toll free at (800) 423-8142 between the hours of 8:30AM and 5:30PM (ET) Monday - Friday.

Very truly yours,
Schreiber/Cohen, LLC

Mr. Howard created the template for Exhibit A, and Defendants routinely sent letters in the form of Exhibit A to collect alleged debts owed by Massachusetts residents.

On October 3, 2018, Plaintiff filed this action, contending that Exhibit A violates the FDCPA and MCPA because it fails to identify the entity to whom she owes a debt. Plaintiff moved for class certification, and the Court certified the following classes: (1) an FDCPA class comprising "(i) all persons with addresses in Massachusetts (ii) to whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation originally due to Comenity Bank (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period one year prior to the date of the filing this

action"; and (2) an MCPA class comprising "(i) all persons with addresses in Massachusetts (ii) to whom Defendants sent or caused to be sent an initial communication in the form of Exhibit A (iii) in an attempt to collect an alleged obligation originally due to Comenity Bank (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the period four years prior to the date of the filing this action."  Defendants now move for summary judgment.  (Docket No. 58).

## **Legal Standard**

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  An issue is "genuine" when a reasonable factfinder could resolve it in favor of the nonmoving party.  *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994).  A fact is "material" when it may affect the outcome of the suit.  *Id*.  When ruling on a motion for summary judgment, "the court must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor."  *Scanlon v. Dep't of Army*, 277 F.3d 598, 600 (1st Cir. 2002) (citation omitted).

## **Discussion**

### *1. Fair Debt Collection Practices Act*

To establish a claim under the FDCPA, a plaintiff must show "(1) that she was the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA, and (3) defendants engaged in an act or omission prohibited by the FDCPA." *O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 30 (D. Mass. 2014) (quoting *Som v. Daniels Law Offices, P.C.*, 573 F. Supp. 2d 349, 356 (D. Mass. 2008)).  In this case, Plaintiff alleges violation of three provisions in the FDCPA: § 1692g(a)(2), which requires debt collectors to

identify "the name of the creditor to whom the debt is owed" within five days of an initial communication; § 1692e, which prohibits "false, deceptive, or misleading representation[s] . . . in connection with the collection of any debt"; and § 1692e(10), which specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

When analyzing an FDCPA claim, courts view communications "from the perspective of the hypothetical unsophisticated consumer." *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014). This is an objective standard that "protects 'all consumers, including the inexperienced, the untrained and the credulous.'" *Id.* (quoting *Taylor v. Perrin, Landy, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997) (citations omitted)). But it retains "an element of reasonableness." *Id.* at 104. "A debt collector will not be held liable based on an individual consumer's chimerical or farfetched reading of a collection letter." *Id.*

Exhibit A was Defendants' initial communication to Plaintiff. As no other communication occurred in the following five days, the Court must "assess whether the 'least sophisticated consumer' who read[s] the entire letter would have been aware that the name of the creditor appeared in the letter . . . .'" *See McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-4356, 2018 WL 5622494, at *6 (E.D.N.Y. Jan. 2, 2018) (quoting *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007)). Here, an unsophisticated consumer would have understood from Exhibit A that Midland was her current creditor. Exhibit A begins, "This law firm [Schreiber/Cohen] represents Midland Funding, LLC," and the caption of the letter identifies Midland as "Our Client." (Docket No. 60-1 at 5). Exhibit A also notes that Schreiber/Cohen is attempting to collect a debt and provides the name and account number of the original creditor. (Docket No. 60-1 at 5). Although Exhibit A does not explicitly state that Midland is Plaintiff's

current creditor or that Schreiber/Cohen is attempting to collect the debt on Midland's behalf, these facts are clear from context when the letter is read in its entirety.[1]

The decisions of other courts are in accord. In *Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-4281, 2014 WL 4471396 (E.D.N.Y. Sept. 10, 2014), for example, the Eastern District of New York found no violation of § 1692g(a)(2) where "Defendant included the name of the current creditor, PAG, next to the label 'Client'" and alleviated "any confusion such a label may have caused" by plainly stating "that the debt Defendant intended to collect was 'on behalf of our above referenced client,' i.e., PAG." *Id.* at *5; *see also Bryan v. Credit Control, LLC*, No. 18-0865, 2018 WL 6520730, at *5 (E.D.N.Y. Dec. 11, 2018) (finding no violation of § 1692g(a)(2) where "[t]he Collection Letter lists Kohl's as Credit Control's 'Client,' includes a 'Client Account #' number, and states that Defendant is writing with options to pay off the referenced 'account'"), *report and recommendation adopted*, 2019 WL 166100 (E.D.N.Y. Jan. 9, 2019). In *DeLeon v. Action Collection Agency of Bos.*, No. 17-8899, 2018 WL 2089343 (S.D.N.Y. May 3, 2018), the Southern District of New York found no violation of § 1692g(a)(2) where the collection letter "refer[red] to the creditor . . . in a manner that identifie[d] the relationship between the debt collector, ACA Boston, and the creditor" and "end[ed] by clarifying that '[t]his communication is from a third party debt collector.'" *Id.* at *3. And in *Fichtel v. Merchants' Credit Guide Co.*, 2018 U.S. Dist. LEXIS 119076 (E. D. Tex. June. 25, 2018), the Eastern District of Texas found no violation of

---

[1] The Court also finds it significant that Exhibit A lacks any language which might overshadow the identification of Midland as Plaintiff's current creditor. *Cf. Gross v. Lyons Doughty & Veldhuis, P.C.*, 779 F. App'x 864, 867 (3d Cir. 2019) (unpublished) (finding a violation of § 1692g(a)(2) where the letter "conveys the identity of LDV's client and that LDV has been retained to collect a debt" but its "reference to three other entities . . . 'overshadow[s]' the creditor's identity"); *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321–22 (7th Cir. 2016) (finding a violation of § 1692g(a)(2) where the letter labels the current creditor as an "assignee" and references the "transfer" of an account to the debt collector).

§ 1692g(a)(2) where "the Collection Letter: (1) included that the creditor, Illinois Emergency Medical Specialists, was Defendant's 'client;' (2) provided information that their 'client' had applied insurance proceeds to the debt owed; and (3) stated that Defendant was a debt collector attempting to collect a debt." *Id.* at \*8–9.

Exhibit A, like the collection letters in *Wright*, *DeLeon*, and *Fichtel*, explains the relationship between the parties, i.e., that Schreiber/Cohen is a law firm and that Midland is its client. *See Wright*, 2013 WL 4471396, at \*5; *DeLeon*, 2018 WL 2089343, at \*3; *Fichtel*, 2018 U.S. Dist. LEXIS 119076, \*8–9. And other language in Exhibit A alleviates any potential for confusion the reader might have. For example, although Exhibit A does not specify that Schreiber/Cohen is a *third party* debt collector or that it is collecting a debt on behalf of Midland, the letter states that Schreiber/Cohen represents Midland before it identifies Schreiber/Cohen as a debt collector. *See Wright*, 2013 WL 4471396, at \*5; *DeLeon*, 2018 WL 2089343, at \*3; *Fichtel*, 2018 U.S. Dist. LEXIS 119076, \*8–9; *see also Romano v. Schacter Portnoy, LLC*, No. 17-1014, 2017 WL 2804930, at \*2 (E.D.N.Y. June 28, 2017) (finding no violation of § 1692g(a)(2) where, because "the Collection Letter makes clear that Schachter was a debt collector," "there is no other way to understand the disclosure that, '[t]his firm has been retained by the above-named client to collect the amount due, indicated above' than to conclude that the current owner of the debt is that above-named client, specifically Cavalry SPV I, LLC'"). Given the context, an unsophisticated consumer would understand that Schreiber/Cohen sent Exhibit A in a representative capacity and that Midland owns the debt.

In sum, because Exhibit A sufficiently identifies Midland as Plaintiff's current creditor, Plaintiff's FDCPA claims—all of which are premised on the alleged failure to identify her current creditor—fail as a matter of law. Defendants are thus entitled to summary judgment.[2]

*2. Massachusetts Consumer Protection Act*

To bring a claim under Chapter 93A, a plaintiff must show (1) a deceptive or unfair "act or practice on the part of the defendant," (2) "an injury or loss suffered by the consumer," and (3) causation.[3] *See Waters v. J.C. Christensen & Assocs., Inc.*, No. 08-11795, 2011 WL 1344452, at *12 (D. Mass. Mar. 4, 2011), *report and recommendation adopted*, 2011 WL 1344544 (D. Mass. Mar. 22, 2011). Here, Plaintiff argues that Exhibit A qualifies as deceptive or unfair within the meaning of the MCPA because it fails to identify her current creditor. The Court rejects the contention that Exhibit A fails to identify her current creditor for the reasons discussed above. Plaintiff's MCPA claim therefore fails as a matter of law.[4]

However, even if Exhibit A had failed to sufficiently identify her creditor, the Court would still grant Defendants' motion as to MCPA claim because Plaintiff has not offered any evidence of a compensable injury or loss. She contends that she was confused as to which of the three entities mentioned in Exhibit A she owed money, but confusion, without more, is not a cognizable

---

[2] Because the Court grants summary judgment on this ground, the Court declines to address whether, if Defendants had failed to identify Plaintiff's current creditor, Plaintiff would need to separately show the materiality of the violation. The law in this area is unsettled, and resolution will not affect the Court's disposition of this motion.

[3] Section 2(a) makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." And Section 9(1) provides a cause of action to "[a]ny person . . . who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two."

[4] While whether a set of facts is unfair or deceptive is a question of fact, "the boundaries of what may qualify for consideration as a Chapter 93A violation is a question of law." *Arthur D. Little, Inc. v. Dooyang Corp.*, 147 F.3d 47, 54 (1st Cir. 1998). A letter that sufficiently identifies a debtor's current creditor does not, without more, qualify for consideration as a Chapter 93A violation.

injury under the MCPA.  *Cf. Bellermann v. Fitchburg Gas & Elec. Light Co.*, 475 Mass. 67, 76 (2016) (finding that "a potential inadequacy in emergency protection" was not a cognizable injury where plaintiffs indisputably "received all the electric service for which they paid during the class period" and no emergency arose during that period); *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 11–12 (1st Cir. 2017) (finding that an allegation "that Nordstrom tricked her into believing that she was getting a bargain" was not a cognizable injury because plaintiff could not "identify any bargained-for characteristic of the sweater that she ha[d] not received").  Plaintiff must demonstrate some harm distinct from the underlying violation, e.g., an economic loss or some interference with a legal right respecting her debt.[5]  *See Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 503 (2013) ("[A] plaintiff bringing an action for damages under c. 93A, § 9, must allege and ultimately prove that she has, as a result, suffered a distinct injury or harm that arises from the claimed unfair or deceptive act itself."); *Ferreira v. Sterling Jewelers, Inc.*, 130 F. Supp. 3d 471, 486 (D. Mass. 2015) ("[T]he Supreme Judicial Court has made clear that statutory damages cannot substitute for the requirement that a plaintiff prove injury and causation in a chapter 93A claim.").  In the absence of any such showing, her MCPA claim cannot survive.

## Conclusion

For the reasons stated above, Defendants' motion for summary judgment (Docket No. 58) is ***granted***.

---

[5] The interference with a legal right, moreover, must rise above the level of speculative. Allegations that the letter may "have caused a person to act differently from the way he or she would otherwise have acted by - for example - causing a person to attempt settlement of the account sooner than he/she otherwise would have, or causing a person to contact defendant in the hope of avoiding or delaying legal action, which appeared imminent," do not suffice. *See Waters*, 2011 U.S. Dist. LEXIS 41075, at *40–41 (internal quotation marks omitted).

**SO ORDERED**

                                            **/s/ *Timothy S. Hillman***
                                            **TIMOTHY S. HILLMAN**
                                            **DISTRICT JUDGE**